IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROY D. BISHOP                                                                                                    PLAINTIFF

V.                                              CIVIL NO. 4:11-04126

DANNY RUSSELL;
JAMIE GREGORY; and
TOM COOPER                                                                                              DEFENDANTS

### REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE

This is a civil rights action filed by Plaintiff, Roy D. Bishop, under the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.* Pursuant to the provisions of 28 U.S. C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is separate Defendant Honorable Tom Cooper's ("Judge Cooper") Motion to Dismiss (ECF No. 17). Plaintiff did not respond. After careful consideration, I make the following Report and Recommendation.

**I.     BACKGROUND**

Plaintiff alleges in his Complaint that Judge Cooper violated his constitutional rights by issuing a warrant and setting bond in his criminal case based on false statements made by Defendants Danny Russell and Jamie Gregory. ECF No. 1-1, p. 1. Plaintiff also asserts that "judge" has denied all his requests to review the evidence in his criminal case. ECF No. 1-1, p. 2. Plaintiff did not provide any facts beyond these allegations. ECF Nos. 1 and 6.

As relief, Plaintiff requests the Court prevent Judge Cooper from violating his civil rights, obligate Judge Cooper to uphold his oath of office, afford Plaintiff "due process innocence and due diligence in all investigation of his case," allow Plaintiff to have counsel present at any pretrial hearings; revoke Judge Cooper's state licenses; and compensate Plaintiff. ECF No. 1, p. 3.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide for dismissal of a claim when Plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. The Court will liberally construe a *pro se* plaintiff's complaint, however, the plaintiff must allege sufficient facts to support their claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

## III. DISCUSSION

In support of his Motion, Judge Cooper argues Plaintiff's claims against him are barred by sovereign immunity, absolute judicial immunity, and the *Rooker-Feldman Doctrine;* and

2

Plaintiff's Complaint fails to state a claim upon which any relief can be granted. ECF No. 17. The Court need only address the judicial immunity and failure to state a claim arguments here.

Judges are generally immune from lawsuits. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994) (judges are generally immune from suit for money damages); *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from § 1983 liability.").

Judicial immunity is only overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction") (internal citations omitted).

Plaintiff failed to offer any facts, in his Complaint or through a response to the Motion to Dismiss, to indicate either of these situations apply here. To the contrary, Judge Cooper's actions that Plaintiff complains of, issuing a warrant and setting bond, are clearly judicial in nature; and Plaintiff makes no contention that Judge Cooper, as a Little River County Circuit Judge, lacked the jurisdiction to take these actions. Therefore, Plaintiff's claims against Judge Cooper are barred by the doctrine of judicial immunity.

Furthermore, Plaintiff may not use the civil rights statutes as substitute for *habeas corpus* relief. In other words, he cannot seek declaratory or injunctive relief relating to his confinement and/or conviction through a Section 1983 claim. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648

(1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement). Therefore, Plaintiff has failed to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the foregoing reasons, I recommend that Separate Defendant Honorable Tom Cooper's Motion to Dismiss be **GRANTED** and all claims against Judge Cooper be dismissed with prejudice.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **6th day of November 2012.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE