IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROY D. BISHOP                                                                                           PLAINTIFF

V.                                          CIVIL NO. 4:11-04126

DANNY RUSSELL;
JAMIE GREGORY; and
TOM COOPER                                                                                         DEFENDANT

**REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE**

This is a civil rights action filed by Plaintiff, Roy D. Bishop, under the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.* Pursuant to the provisions of 28 U.S. C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court are Separate Defendant, Sheriff Danny Russell's (1) Motion for Judgment on the Pleadings (ECF No. 15); and (2) Amended Motion for Judgment on the Pleadings. Plaintiff did not respond to either Motion. After careful consideration, I make the following Report and Recommendation.

**I.      BACKGROUND**

In his Complaint, Plaintiff alleges Sheriff Russell (1) did not uphold his oath of office; (2) did not follow protocol of the Sheriff's department; (3) used statements from a known felon to entrap Plaintiff; and (4) violated Plaintiff's constitutional rights of due process and due diligence "with his opinion outside the realm of the criminal case and let his personal opinion of Plaintiff lead him to be vengeful in his actions against Plaintiff." ECF No. 1-1, p. 1. Further, Plaintiff claims he has been denied access to the evidence in his criminal case, and access to a law library.

ECF No. 1-1, p. 2.  In his Supplement, Plaintiff explains that Sheriff Russell arrested him on September 20, 2011 and brought him to the "Texas Annex Building" where, as an "Arkansas inmate," he was denied Arkansas law literature and refused his civil rights.  ECF No. 6, p. 1.  Plaintiff did not offer any other facts in his Complaint or Supplement.

## II.     LEGAL STANDARD

On a motion for judgment on the pleadings, the Court applies the same standard as in a 12(b)(6) motion for failure to state a claim.  *See St. Paul Ramsey County Medical Ctr. v. Pennington County, S.D.,* 857 F.2d 1185, 1187 (8th Cir. 1988).  Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678.  The Court will liberally construe a *pro se* plaintiff's complaint, however, the plaintiff must allege sufficient facts to support their claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

## III.    DISCUSSION

### A.     Motion for Judgement on the Pleadings

Defendant Russell first filed a Motion for Judgment on the Pleadings on April 27, 2012 (ECF No. 15), however, Defendant Russell's counsel mistakenly submitted a motion for judgment

on the pleadings from an unrelated case in this filing. *See* ECF No. 20. Defendant's counsel subsequently filed an Amended Motion for Judgment on the Pleadings on June 1, 2012. ECF No. 20. Therefore, I recommend Defendants original Motion for Judgment on the Pleadings be denied as moot.

  B.  <u>Amended Motion for Judgment on the Pleadings</u>

While it was difficult to ascertain the specific facts and events Plaintiff allege violated his constitutional rights, it is clear that Plaintiff is complaining of an improper arrest or improper criminal investigation which lead to his criminal conviction, denial of access to the evidence in his criminal case, and denial of access to a law library.

  1.  <u>Arrest and conviction</u>

Plaintiff appears to claim his arrest and the criminal investigation by Sheriff Russell violated his constitutional rights. Sheriff Russell argues in his Motion, that Plaintiff's claims are not cognizable under *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. Plaintiff did not allege his conviction has been set aside or otherwise held invalid.

Further, Plaintiff's claims that Sheriff Russell entrapped him are likewise barred by *Heck*. *See e.g., Kramer v. Village of North Fond du Luc,* 384 F.3d 856, 862 (7th Cir. 2004) (entrapment

allegations in a § 1983 action would be barred under *Heck* because entrapment was a complete defense to the crime). *Cf. Williams v. Schario,* 93 F.3d 527, 529 (8th Cir. 1996) (claims that defendants engaged in malicious prosecution and presented perjured testimony would necessarily imply the invalidity of plaintiff's conviction or sentence and are barred by *Heck*).

Therefore, Plaintiff's claims concerning Sheriff Russell's part in his arrest and criminal investigation are not cognizable claims under Section 1983 and must fail as a matter of law.

2. <u>Access to evidence</u>

Plaintiff also claims that he has been denied information regarding evidence in his criminal proceedings by the Sheriff's office. The Court presumes this is another type of challenge to Plaintiff's criminal arrest, investigation, and conviction. Plaintiff may not use Section 1983 as a substitute for *habeas corpus* relief. Any remedy available to Plaintiff for challenging the lawfulness of his continued incarceration, or credited time, is through a writ of *habeas corpus. See Preiser v. Rodriquez,* 411 U.S. 475, 500 (1973) (*habeas corpus* is the exclusive remedy for a prisoner challenging the "very fact or duration of his physical imprisonment" when the relief sought is a "determination that he is entitled to immediate release or a speedier release from that imprisonment"); *see also Cincoski v. Richard*, 418 Fed. Appx. 571, 572 (8th Cir. 2011) (citing *Edwards v. Balisok,* 520 U.S. 641, 648 (1997) (prisoner's challenge to the deprivation of his good-time credits is not cognizable under Section 1983 because the procedural defect complained of would, if established, imply the invalidity of the deprivation)); *Portley-El v. Brill,* 288 F.3d 1063, 1066-67 (8th Cir. 2002) (under *Heck*, Section 1983 action seeking damages for prison discipline that resulted in loss of good-time credits does not arise until inmate has successfully challenged discipline through habeas or some other proceeding).

      3.    <u>Access to law library</u>

Finally, Plaintiff claims he was denied access to a law library and Arkansas law literature when he was taken to the "Texas Annex Building" by Sheriff Russell. Sheriff Russell argues in his Motion that Plaintiff does not have a freestanding constitutional right to a law library and that Plaintiff has not alleged any injury resulting from his alleged denial of access to a law library.

Plaintiff's allegations regarding his denial of a law library in no way implicate Sheriff Russell. To the contrary, Plaintiff states he was incarcerated in the "Texas Annex Building" not the Little River County Detention Center when he was denied access to a law library and Arkansas law literature. Sheriff Russell could not have denied Plaintiff access to a law library if Plaintiff was not incarcerated in Sheriff Russell's detention center. This Court does not have jurisdiction over the Texas detention center where Plaintiff claims he was denied access to a law library and Arkansas law literature. Therefore, Plaintiff has failed to state a claim upon which relief may be granted as to his access to law library claim.

**IV.    CONCLUSION**

For the foregoing reasons, I recommend that Separate Defendant, Sheriff Danny Russell's (1) Motion for Judgment on the Pleadings (ECF No. 15) be **DENIED** as moot; and (2) Amended Motion for Judgment on the Pleadings be **GRANTED** dismissing all claims against Separate Defendant Sheriff Danny Russell with prejudice**.** I further recommend, Separate Defendant Sheriff Danny Russell be dismissed from this action leaving only Defendant Jamie Gregory.

**The parties have fourteen days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

      **DATED** this **6th day of November 2012.**

                                  /s/ Barry A. Bryant  
                                  HON. BARRY A. BRYANT  
                                  UNITED STATES MAGISTRATE JUDGE