IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROY D. BISHOP                                                                                               PLAINTIFF

V.                                        CIVIL NO. 4:11-cv-04126

JAMIE GREGORY                                                                                        DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This is a civil rights action filed by Plaintiff, Roy D. Bishop, under the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S. C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation. For the following reasons, it is the recommendation of the undersigned that the above style case be **DISMISSED with prejudice**.

I.   BACKGROUND

Plaintiff alleges in his Complaint that Jamie Gregory made false statements against him at his bond hearing. ECF No. 1-1. Plaintiff also asserts that Jamie Gregory conspired against him to inflate his bond. ECF No. 1-1. Plaintiff explained in his Supplement that Jamie Gregory was the arresting officer that brought Plaintiff to the Texas Annex Building even though Plaintiff was an Arkansas inmate. ECF No. 6.

In his Complaint, Plaintiff provided Jamie Gregory's address for service to be the Little River County Sheriff's Office, 351 N. 2nd Street, Suite 2, Ashdown, Arkansas 71822. ECF No. 1, p. 1. On March 8, 2012, the Court issued summons for Jamie Gregory at the Little

River County Sheriff's Office address provided by Plaintiff. ECF No. 7. The summons was returned un-executed with a note that no one by the name of Jamie Gregory is employed at the Little River County Sheriff's Office. ECF No. 13. The Court issued an Order on June 8, 2012, directing Plaintiff to provide the Court with the correct name, address, and/or place of employment for Jamie Gregory by June 22, 2012. Additionally, Plaintiff was advised that failure to respond to this Order could result in dismissal of this case. ECF No. 21. Plaintiff failed to respond to the June 8, 2012 Order. On November 6, 2012, the Court issued an Order to Show Cause directing Plaintiff to show cause why Jamie Gregory should not be dismissed from this action based on Plaintiff's failure to comply with the Court's June 8, 2012 Order. Plaintiff was again advised that his failure to comply with the Court's Order would subject this case to dismissal. ECF No. 24. Plaintiff failed to respond to the Order to Show Cause and has never provided the Court with the correct name, address, and/or place of employment for Jamie Gregory.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court posses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir.

1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

### III. DISCUSSION

It is Plaintiff's responsibility to provide the Court with a proper address for service on defendants. *See Lee v. Armontrout,* 991 F.2d 487, 489 (8th Cir. 1993) (it is the *in forma pauperi*s plaintiff's responsibility to provide proper addresses for service). As demonstrated above, the Court provided multiple opportunities for Plaintiff to provide the Court with Gregory's address or place of employment. Additionally, the Court warned Plaintiff that failure to comply with the Court's orders and produce Gregory's address or place of employment would subject this case to dismissal. Plaintiff failed to comply with these orders and also failed to prosecute this case. Plaintiff has not communicated with the Court since April 2012. Plaintiff was provided adequate notice and opportunity to respond to the Court's orders.

Accordingly, I recommend Jamie Gregory be dismissed, and as Gregory is the sole remaining defendant in this matter, I recommend this case be dismissed with prejudice for failure to follow the Court's orders and prosecute this case.

### IV. CONCLUSION

For the foregoing reasons, I recommend the above styled case be **DISMISSED** with prejudice on the grounds that Plaintiff has failed to comply with the Court's orders and prosecute

this action. *See* Fed. R. Civ. P. 41(b).

**Plaintiff has fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **24th day of January 2013.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE